UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Fayee Gu,

                Plaintiff,           **MEMORANDUM & ORDER**
                                                           25-CV-05025 (DG) (PK)
   -against-

Heela Capell,

                Defendant.
----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

      On August 30, 2025, Plaintiff Fayee Gu, proceeding *pro se*, filed this action in the United States District Court for the Eastern District of Pennsylvania against Defendant Heela Capell. *See* Complaint ("Compl."), ECF No. 1. The action subsequently was transferred to the United States District Court for the Eastern District of New York. *See* ECF No. 5; *see generally* docket. In the order transferring the action, the United States District Court for the Eastern District of Pennsylvania took judicial notice of the fact that Defendant Capell is a state court judge. *See* ECF No. 5 at 1 n.1 (noting that "Defendant is a Judge on the Kings County Supreme Court in New York" and citing publicly available source).

      Pending before the Court is Plaintiff's Motion for Leave to Proceed *in forma pauperis*. *See* ECF No. 2. The Court grants Plaintiff's request to proceed *in forma pauperis* and, for the reasons set forth below, dismisses the Complaint.

## BACKGROUND

      The Complaint alleges in its entirety:

1. The current owner of the apartment where Plaintiff resides is Re/Max, as the former owner Raymond Chan claimed in his sworn affidavit,

2. Hong Yi Zeng conspired with Re/Max agent and fabricated a criminal charge against Plaintiff,

    3. Defendant conspired with Hong Yi Zeng in violating Plaintiff's due process. *See* Compl. at 1.

Plaintiff "demands $1 Billion against Defendant." *See* Compl. at 1.

The Court liberally construes the Complaint to be brought pursuant to 42 U.S.C. § 1983 ("Section 1983") and, because the Complaint does not specify whether this action is brought against Defendant in her individual capacity, in her official capacity, or in both capacities, *see generally* Compl., the Court construes the Section 1983 claim as being brought against Defendant in both capacities.[1]

## STANDARD OF REVIEW

To survive dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ. of City Sch. Dist. of New York*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In reviewing a *pro se* complaint, a court must be mindful that the plaintiff's pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also, e.g.*, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, "[e]ven after *Twombly*," courts "remain obligated to construe a *pro se* complaint liberally"). Nonetheless, where, as here, a *pro se* plaintiff is proceeding *in forma pauperis*, a district court must dismiss the plaintiff's complaint

---

[1] The Court liberally construes Plaintiff's filings in this action in light of Plaintiff's *pro* se status. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In determining whether to dismiss, the court must "accept all 'well-pleaded factual allegations' in the complaint as true." *Lynch v. City of New York*, 952 F.3d 67, 74-75 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 679); *see also Leybinsky v. Iannacone*, No. 97-CV-05238, 2000 WL 863957, at *1 (E.D.N.Y. June 21, 2000) (noting that "[f]or purposes of considering a dismissal under 28 U.S.C. § 1915(e)(2), the allegations in the complaint must be taken as true").

## DISCUSSION

Section 1983 "provides 'a method for vindicating federal rights elsewhere conferred,' including under the Constitution." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).[2] To sustain a claim brought under Section 1983, "[t]he conduct at issue 'must have been committed by a person acting under color of state law' and 'must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Id*. (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).

Here, even liberally construed, Plaintiff's Section 1983 claim must be dismissed because Defendant enjoys immunity as set forth below.

Plaintiff's Section 1983 claim against Defendant in her official capacity is barred by

---

[2] In pertinent part, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Eleventh Amendment immunity. *See Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993) (noting that "[t]he Eleventh Amendment, with few exceptions, bars federal courts from entertaining suits brought by a private party against a state in its own name" and that "[t]o the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state"); *see also Davis v. Thompson*, No. 23-CV-00705, 2024 WL 1018495, at *3-5 (E.D.N.Y. Mar. 8, 2024) (noting that claims against state court judges in their official capacities are barred by Eleventh Amendment immunity).[3]

Plaintiff's Section 1983 claim against Defendant in her individual capacity is barred by judicial immunity. *See Bliven v. Hunt*, 579 F.3d 204, 209-10 (2d Cir. 2009) (noting that "[i]t is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions" and that "the Supreme Court has generally concluded that acts arising out of, or related to, individual cases before the judge are considered judicial in nature"); *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (noting that immunity may only be overcome where the challenged actions were "not taken in the judge's judicial capacity" or the actions, "though judicial in nature, [were] taken in the complete absence of all jurisdiction").

In light of the above, Plaintiff's Section 1983 claim is dismissed, without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).[4]

---

[3] The exceptions to sovereign immunity do not apply here. *See Mamot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010) (noting that "[i]t is well-established that New York has not consented to § 1983 suits in federal court and that § 1983 was not intended to override a state's sovereign immunity" (citations omitted)); *Smith v. Troulakis*, No. 22-CV-03441, 2022 WL 3139118, at *3 (E.D.N.Y. Aug. 5, 2022).

[4] The Court notes that even if Defendant did not enjoy immunity here – which she does – the Section 1983 claim nevertheless would be subject to dismissal given the Complaint's dearth of factual allegations and the Complaint's general lack of clarity.

4

## CONCLUSION

Plaintiff's Motion for Leave to Proceed *in forma pauperis*, ECF No. 2, is granted.

For the reasons set forth above, the Complaint, ECF No. 1, is dismissed, without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).[5]

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment, close this case, and mail a copy of this Order to Plaintiff.

SO ORDERED.

                                              */s/ Diane Gujarati*
                                              DIANE GUJARATI
                                              United States District Judge

Dated: October 6, 2025
        Brooklyn, New York

---

[5] Notwithstanding Plaintiff's *pro se* status, such dismissal is without leave to amend as the Court finds that amendment would be futile in light of the deficiencies set forth above, which cannot be cured by better pleading. *See Haynes v. Foschio*, No. 21-1767, 2022 WL 433337, at *2 (2d Cir. Feb. 14, 2022) (noting that "[b]ecause additional pleading could not overcome the defendants' immunity, the district court properly denied leave to amend as futile" (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000))).